UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BHS LAW LLP,

           Plaintiff,

    v.

MICHAEL MARKMAN,

           Defendant.

Case No. 25-cv-09864-WHO

**ODER ON MOTION TO DISMISS**

Re: Dkt. Nos. 18, 24, 32

Plaintiff BHS Law, LLP ("BHS") brings this lawsuit against the Hon. Michael Markman ("Judge Markman"), Presiding Judge of the Superior Court of California, County of Alameda, for alleged misconduct during a civil proceeding in which BHS was counsel.  BHS alleges that Judge Markman threatened criminal prosecution after concluding that the firm had "intimidate[d] Class Members" in the case.  It also claims that he made "materially false" statements about the firm's "attorney misconduct," which ultimately led the firm's client to terminate its representation. Judge Markman now moves to dismiss for lack of subject matter jurisdiction.  He is entitled to immunity under the doctrine of judicial immunity and under the Eleventh Amendment.[1]  I GRANT Judge Markman's motion to dismiss WITHOUT LEAVE TO AMEND.

**BACKGROUND**

BHS is a California law firm located in Santa Clara County, California.  Complaint ("Compl.") [Dkt. No. 1] ¶ 5.  BHS was retained in 2018 by West Coast Quartz Corporation ("WCQ") to assist in defending the corporation against a lawsuit before Judge Markman, *Mendoza et al. v. W. Coast Quartz Corp.*, RG18927787 (Alameda Super. Ct. 2018) (the "*Mendoza* case").  *Id.* ¶ 2.  The *Mendoza* case was a class action challenging "WCQ's break policies under California

---

[1] Because of the obvious applications of these immunities, I will not address the other deficiencies noted in the motion to dismiss.

labor law." *Id.* ¶ 10.  As WCQ prepared to file a cross-complaint for indemnity against certain supervisory Class Members, Judge Markman allegedly "accused BHS of intending to 'intimidate Class Members'" into "contradicting [plaintiff] Mendoza's allegations." *Id.* ¶¶ 13, 23.  While BHS "repeatedly advised" Judge Markman that "cross-complaints for indemnity are legally permitted and do not constitute intimidation," Judge Markman "issued escalating threats of criminal referral." *Id.* ¶ 24.  This caused BHS to withdraw its cross-complaint.  *See id.* ¶ 25.

In addition to these remarks, Judge Markman also allegedly "incorporated false and unsubstantiated findings of 'attorney misconduct' into his written orders, statements of decision, and judgment." *Id.* ¶ 27.  As a result, in May 2025, WCQ "abruptly terminated BHS," citing its purported misconduct as the reason for dismissal.  *See id.* ¶ 29.  BHS then brought this lawsuit against Judge Markman in his individual capacity, alleging violations of 28 U.S.C. § 1983 and the First and Fourteenth Amendments of the United States Constitution.  *See id.* ¶ 7.  The firm seeks various forms of relief, including compensatory damages, a "temporary, preliminary, and permanent injunction to restrain Hon. Michael Markman from falsely accusing Plaintiff of misconduct of intimidating Class Members," declaratory relief, and attorney's fees.  *See id.* Prayer for Relief.

On February 9, 2026, Judge Markman moved to dismiss the complaint as lacking subject matter jurisdiction.  *See* Motion to Dismiss Complaint ("Mot.") [Dkt. No. 18].  BHS filed an opposition on February 11, 2026.  *See* Plaintiff BHS Law LLP's Opposition to Defendant's Motion to Dismiss ("Oppo.") [Dkt. No. 24].  Judge Markman replied on March 3, 2026.  *See* Defendant Michael Markman's Reply to Plaintiff's Opposition to Motion to Dismiss Plaintiff's Complaint ("Repl.") [Dkt. No. 32].

## LEGAL STANDARD

A motion to dismiss filed pursuant to Rule 12(b)(1) is a challenge to the court's subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1).  "Federal courts are courts of limited jurisdiction," and it is to be "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  It is the burden of the party invoking the jurisdiction of the federal court to establish that the court has the requisite subject

United States District Court
Northern District of California

2

matter jurisdiction to grant the relief requested. *Id.*

A challenge under Rule 12(b)(1) may be facial or factual. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the jurisdictional challenge is confined to the allegations pleaded in the complaint. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). The challenger asserts that the allegations in the complaint are true and draws all reasonable inference in favor of the party opposing dismissal. *See id.*

By contrast, "in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039. To resolve this challenge, courts "need not presume the truthfulness of the plaintiff's allegations." *Id.* (citation omitted). Instead, courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* (citations omitted). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id.* (quoting *Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003)).

## DISCUSSION

### I.    Absolute Immunity

"Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles v. Waco*, 502 U.S. 9, 9–10 (1990) (quoting *Bradley v. Fisher*, 80 U.S. 333, 335 (1871)). "A judge is not deprived of immunity because he takes actions which are in error, are done maliciously, or are in excess of his authority." *Meek v. Cnty. of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999) (citing *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978)). Immunizing even intentional and malicious conduct stems from the belief that "judges should be free to make controversial decisions and act upon their convictions without fear of personal liability." *Id.*

United States District Court
Northern District of California

3

The Supreme Court has only identified two situations where a judicial officer may be stripped of absolute immunity. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11–12 (citations omitted). To determine whether a particular act is judicial in nature, the Ninth Circuit has outlined various factors courts to consider, including whether:

> (1) [T]he precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity.

*New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1302 (9th Cir. 1989). And the "complete absence of all jurisdiction" is only met when there is a "clear lack of all subject matter jurisdiction." *Mullis v. U.S. Bankr. Ct. for Dist. of Nev.*, 828 F.2d 1385, 1389 (9th Cir. 1987); *see, e.g.*, *Stump*, 435 U.S. at 357 n.7 (1978) ("[I]f a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his actions; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.").

Neither situation is met here. BHS challenges three actions by Judge Markman it considers "non-judicial": (1) issuing "threats of criminal prosecution" to "chill [its] First Amendment right to file a lawful cross-complaint"; (2) making "knowingly false criminal accusations" against it; and (3) "publishing stigmatizing 'misconduct' findings that were 'unnecessary to any judicial determination.'" Oppo. at 6. The alleged misconduct occurred entirely on the record and stemmed directly from BHS's purported actions in the *Mendoza* case. Taken together, even if Judge Markman's conduct was in "error," "done maliciously," or in "excess of his authority," it was certainly "taken in [his] judicial capacity." *Mireles*, 502 U.S. at 11–12. These actions qualify as routine judicial functions. *Meek*, 183 F.3d at 965; *New Alaska Dev. Corp.*, 869 F.2d at 1302.

There also is no "complete absence of . . . jurisdiction." *Id.* BHS invokes *Drink Tank*

4

*Venture LLC v. Real Soda in Real Bottles, Ltd.* ("*Drink Tank*") to argue that a "court lacks subject matter jurisdiction when a statute-based cause of action fails to meet statutory prerequisites." Mot. at 3; Compl. ¶ 18; *see* 71 Cal. App. 5th 528 (2021). In BHS's view, "where the law prohibits a conduct, the court cannot assume jurisdiction over a party, who did not commit the prohibited conduct." *Id.* Applying this interpretation of *Drink Tank*, BHS asserts that Judge Markman lacked jurisdiction over the entire *Mendoza* case because the state court plaintiff's "six-hour" meal break theory "did not state a violation" of the California Labor Code. Compl. ¶ 19.

That view is mistaken. "To lose the protection of judicial immunity . . . a judge must act in clear absence of all subject matter jurisdiction, not merely in excess of jurisdiction." *Mullis*, 828 F.2d at 1389. "Where a court has some subject-matter jurisdiction, there is sufficient jurisdiction for immunity purposes." *Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir. 1993). Even assuming arguendo that the state court plaintiff failed to state a violation of the California Labor Code, the plaintiff successfully stated other claims against WCQ, including violations of California's Unfair Competition Law and PAGA. That alone suggests Judge Markman's actions, at worst, were in "excess of jurisdiction," rather than "absen[t] . . . all subject matter jurisdiction." *Id.*

Because neither exception to the doctrine applies, absolute immunity bars BHS from bringing this action against Judge Markman for his conduct in the *Mendoza* case. Judge Markman's motion to dismiss is accordingly GRANTED.

## II.    Eleventh Amendment

Although my ruling on judicial immunity, I address an alternative argument by Judge Markman under the Eleventh Amendment of the United States Constitution. The Eleventh Amendment declares that the judicial power of federal courts "shall not be construed to extend to any suit in law or equity" brought against a State or its officials by "Citizens of another State." U.S. Const. amend. XI. Courts have not been textualist in their reading of the Eleventh Amendment, which has been understood as standing for a broader principle of sovereign immunity embedded within the structure of the United States Constitution. *See, e.g.*, *Blatchford v. Native Vill. of Noatak and Circle Vill.*, 501 U.S. 775, 779 (1991) ("[W]e have understood the

Eleventh Amendment to stand not so much for what it says, but for the presumption of our constitutional structure which it confirms . . .").

"[S]tate case law and constitutional provisions make clear that the [California Superior] Court is a state agency." *Greater L.A. Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987), *superseded by statute on other grounds.* This case was not filed against the Superior Court; it was brought against Judge Markman, a judge "paid by the state." *Hyland v. Wonder*, 117 F.3d 405, 413 (9th Cir. 1997). A state agent or employee is not "automatically entitled to sovereign immunity." *Id.* Instead, immunity under the Eleventh Amendment extends to Judge Markman if he can "show that the action is in essence one for recovery of money from the state, [and that] the state is the real, substantial party in interest." *Id.* (internal quotation marks omitted).

BHS claims that Judge Markman's motion to dismiss "never explains how [his purported misconduct] constitute actions of the State itself rather than personal unconstitutional conduct." Oppo. at 4. But both the California Rules of Court and the California Government Code provide that the State of California, through the Judicial Council of California, offers representation and indemnification of judicial officers. *See* Cal. Rules of Court, rule 10.202(b); Cal. Gov Code § 811.9. Should Judge Markman be found liable in this case, the State of California could potentially indemnify him for all monetary damages—including BHS's request for compensatory damages. These facts show that the "state is the real, substantial party in interest," and that this case therefore should be barred under the Eleventh Amendment. *Hyland*, 117 F.3d at 413.

## III.    Leave to Amend

Finally, BHS requests that I provide leave to amend its complaint if I dismiss it. That request is DENIED. When a court dismisses a complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, courts should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed

amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

BHS asserts that should I grant leave to amend, it would add the following facts to its amended complaint:

- The Transition of O'Hagan Meyer LLP: Plaintiff can detail the abrupt transition in mid-May 2025 where WCQ replaced BHS with O'Hagan Meyer LLP. This transition was the direct result of the "false intimidation narrative" orchestrated by Judge Hon. Markman.
- Chilling Impact of Threats of Criminal Prosecution: Plaintiff can also detail the telephone conversation that Plaintiff held with O'Hagan Meyer LLP where O'Hagan Meyer expressed interests (presumably in the interests of WCQ) in filing cross-complaint against the class members of Mendoza Action but sounded surprise and alarm when the undersigned informed them of Judge Hon. Markman's threat of criminal prosecution in case of filing such cross-complaint. Plaintiff is aware that since then WCQ hasn't commenced such cross-complaint.
- The Pending State Appeal: As evidenced by the records of the First Appellate District (Case No. A173947), WCQ is currently pursuing an appeal of the Mendoza judgment through O'Hagan Meyer LLP. Pleading this fact would further clarify that BHS is not seeking to challenge the state-court judgment here, but is seeking redress for personal, collateral injuries that the state appeal cannot remedy.
- The Specific Impact of the Misconduct Findings: Plaintiff can bolster the allegations with additional testimony from WCQ officers like Steve Ko, whose declaration confirms that BHS was fired solely because of the "misconduct" findings incorporated into the Defendant's written orders.
- Jurisdictional Detail: Plaintiff can further elaborate on the holding of *Drink Tank* (no subject matter jurisdiction when the subject alleged wrongdoing is not prohibited by the subject statute) and NLRA preemption theories, providing additional factual context to show that Judge Markman's actions occurred in the "clear absence of all jurisdiction".
- Now, another attorney in another State case quoted the same problematic wordings of Defendant to attack the credibility and professionalism of Plaintiff. Please see Dkt. 13 in this Action, Plaintiff's Response to OSC Why Case Should Not be Transferred, ecf. p. 3:5-14.

Oppo. at 9–10; *id.* at 9 n.3. These alleged facts do not overcome the hurdles of absolute immunity and the Eleventh Amendment. Because the doctrinal bars would make amendment "futile," BHS's request for leave is DENIED. *See Moore*, 885 F.2d at 538.

## CONCLUSION

For the foregoing reasons, Judge Markman's motion to dismiss is GRANTED WITHOUT

United States District Court
Northern District of California

LEAVE TO AMEND.

**IT IS SO ORDERED.**

Dated: April 3, 2026

William H. Orrick
United States District Judge

United States District Court
Northern District of California